IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

RONALD L. LONG,

    Plaintiff,

vs.                                                    No. 15-2144-JPM-dkv

MEDTRONIC PARKWAY,

    Defendant.

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR
INSUFFICIENT SERVICE OF PROCESS
_____

Before the court is the July 31, 2015 motion of the defendant, Medtronic Parkway, pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, to dismiss the complaint filed by the plaintiff, Ronald L. Long ("Long"), proceeding *pro se*, for insufficient service of process and lack of personal jurisdiction. (Mot. to Dismiss, ECF No. 12.) On August 3, 2015, Long filed a response to the motion entitled "Reason for Amement [sic] is to submit Further Documents to State Facts and Proof That a Certified Letter was Sent But for Some Reason Didn't Reach its Destination." (Resp., ECF No. 13.) Medtronic filed a reply on August 18, 2015. (Reply, ECF No. 14.) Long filed a sur-reply without permission of the court on September 3, 2015, entitled "Statement Feedback to the Response

of Richard Alex Boals." (Sur-Reply, ECF No. 15.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for insufficient service of process and lack of jurisdiction.

I. PROPOSED FINDINGS OF FACT

On February 27, 2014, Long filed a *pro se* employment discrimination complaint under Title VII of the Civil Rights Act of 1964 and paid the filing fee. (Compl., ECF Nos. 1, 2.) Long was provided information concerning the issuance of summonses along with three blank summonses. (Staff Notes, ECF No. 4.) Long filed an amended complaint on March 12, 2015. (Am. Compl., ECF No. 8.) On July 1, 2015, Long was ordered to show cause why his case should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to serve the summons and complaint within 120 days of the filing of the complaint. (Order to Show Cause, ECF No. 10.) Long responded that he did "sent [sic] out a certified letter with a full letter of my complaint which was sent and addressed to Medtronic Legal Department." (ECF No. 11.) Medtronic Parkway then filed the present motion to dismiss.

II. PROPOSED CONCLUSIONS OF LAW

Rule 4 governs service of a summons and complaint in federal courts. It provides that:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person effecting service.

Fed. R. Civ. P. 4(c)(1). Rule 4(c)(2) provides that "any person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2)(emphasis added). Proper service is a condition precedent to a court's exercise of personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

In his response to the court's show cause order, Long admits that he tried to serve Medtronic Parkway himself by mailing the summons and complaint to Medtronic Parkway's legal department. (*See* ECF No. 11.) In his response to the instant motion, Long attached a United States Postal Service "Product and Tracking Information" sheet, confirming that mail was sent from Memphis, Tennessee on March 17, 2015, and arrived in Minneapolis, Minnesota on March 20, 2015. (*See* Resp. 4, ECF No. 13.) However, because Long is a party to this lawsuit, he cannot effect service of process himself.

Rule 4(m) requires a defendant to be served within 120 days after the complaint is filed, and if the plaintiff fails to

effect proper service within the time limit, the court on motion must dismiss the action without prejudice. Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant . . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The plaintiff bears the burden to establish good cause. *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). The amended complaint in this case was filed on March 12, 2015, and more than 120 days have elapsed since the filing of the amended complaint. Long has not shown good cause in his response and sur-reply to the motion for his failure to timely effect proper service on Medtronic Parkway. Moreover, after being served with the motion to dismiss in this case, Long has had ample time to cure any defective service but has failed to do so.

*Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *McNeil v. United States*, 508 U.S. 106, 133 (1980). Excusing *pro se* litigants from compliance with the rules of procedure would result in an advantage to *pro se* litigants and a disadvantage to parties who retained counsel. Indeed, as the Supreme Court noted, "strict adherence to the procedural requirements . . . is the best

guarantee of evenhanded administration of the law." *Id.* (citing *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980)).

Accordingly, Long has failed to timely effect proper service on Medtronic Parkway, and he has failed to show good cause for his failure. Therefore, the court lacks *in personam* jurisdiction over Medtronic Parkway.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion of Medtronic Parkway be granted and this case be dismissed without prejudice for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure and lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Respectfully submitted this 10th day of September, 2015.

s/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.