# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RONALD L. LONG,<br><br>    Plaintiff,<br><br>v.<br><br>MEDTRONIC PARKWAY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   No. 2:15-cv-02144-JPM-dkv<br>)<br>)<br>)<br>) |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION; GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is the Magistrate Judge's "Report and Recommendation on Defendant's Motion to Dismiss for Insufficient Service of Process" (the "Report and Recommendation"), filed on September 10, 2015. (See ECF No. 16.) In the Report and Recommendation, the Magistrate Judge recommends "that this case be dismissed for insufficient service of process and lack of jurisdiction." (Id. at 2.)

On August 23, 2015, Plaintiff timely filed his Objection to the Report and Recommendation (ECF No. 17).[1] See Fed. R. Civ. P. 72(b)(2). Defendant did not file a response to Plaintiff's Objection. See id.

For the reasons stated below, the Court ADOPTS the recommendation in the Report and Recommendation (ECF No. 16) in its entirety.

---

[1] Plaintiff's Objection was mis-docketed as an Amended Complaint.

## I. BACKGROUND

This action involves claimed violations of Title VII of the Civil Rights Act of 1964 ("Title VII"). (See Am. Compl., ECF No. 8 at 1.)

In a Complaint filed on February 27, 2015, Ronald L. Long ("Plaintiff"), who is proceeding pro se, asserts that he filed charges against Defendant with the Tennessee Human Rights Commission, which transferred the case to the Equal Employment Opportunity Commission ("EEOC") on April 11, 2013. (Compl. ¶ 6, ECF No. 1.) He further asserts that he received a Notice of Right to Sue ("RTS") from the EEOC on November 25, 2014. (Id. ¶ 7.) Plaintiff alleges that Defendant discriminated against him based on race and retaliated against him "after Plaintiff engaged in protected activity of voicing opposition to what he reasonably believed and perceived to be unlawful and discriminatory disciplinary actions by Management . . . ." (Id. ¶ 8.) On March 12, 2015, Plaintiff filed an Amended Complaint, adding some additional factual information regarding his claims.

On July 31, 2015, Defendant filed a Motion to Dismiss Plaintiff's claims. (ECF No. 12.) Defendant asserts that Plaintiff's claims should be dismissed for insufficient service of process and lack of personal jurisdiction. (See ECF No. 12-1 at 2.) Specifically, Defendant argues that Plaintiff's service

was insufficient because he attempted to effect service of process himself. (Id.)

**II. ANALYSIS**

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The portions of the Report and Recommendation as to which no specific objections were timely filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless"). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the failure to properly file objections constitutes a waiver of appeal. See Howard, 932 F.2d at 508; United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Plaintiff fails to make any specific objection to the Magistrate Judge's Report.  Rather, Plaintiff merely reasserts the merits of his underlying claim and asks "for the court[']s forgiveness" for his failure to properly serve Defendant.  (ECF No. 17 at 1.)  Nowhere in his Objection does Plaintiff even reference the Magistrate Report and Recommendation.  (See id.)

Because Plaintiff makes only general objections to the dismissal of his Complaint, the Court reviews the Magistrate's Report and Recommendation for clear error.  See Howard, 932 F.2d at 509.  On clear-error review, the Court hereby ADOPTS the Report and Recommendation (ECF No. 16) in its entirety.

Accordingly, Defendant's Motion to Dismiss (ECF No. 12) is GRANTED, and Plaintiff's Amended Complaint (ECF No. 8) is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED,** this 2nd day of October, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE